IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, | ) ) ) | |
| and | ) ) | |
| PATRICK R. PRYOR and STEVE SCHRIMPF, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS PENSION FUND, | ) ) ) ) ) | |
| and | ) ) | |
| CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, a Trust Fund, | ) ) ) ) | No. |
| and | ) ) | |
| PERRI L. PRYOR and STEVEN C. GLENN, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **DEAN HATHMAN MASONRY COMPANY, LLC** [SERVE: Dean Hathman Registered Agent 7500 E. Richland Road Columbia, MO 65201] | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs and for their cause of action against Defendant state and allege:

1. Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., that Patrick

R. Pryor and Steve Schrimpf (hereinafter referred to as "Plaintiff Trustees") are the duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Construction Industry Laborers Pension Fund; that Plaintiffs Perri L. Pryor and Steven C. Glenn (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Construction Industry Laborers Welfare Fund; and that this action arises under Section 502 and Section 515 of the Employee Retirement Income Security Act, as amended, (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145, and Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2. Defendant, **Dean Hathman Masonry Company, LLC,** is a Missouri limited liability company doing business in the State of Missouri and particularly in the Western District of Missouri, that Defendant at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

3. Defendant, on or about **March 12, 2005**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Builders' Association of Missouri and the Eastern Missouri Laborers' District Council; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

4. Plaintiff Funds are trust funds existing and established pursuant to collective bargaining agreements between various employee organizations and labor organizations.

5. The laborer employees of Defendant were employed under the terms of said collective bargaining agreements mentioned above under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to submit written

reports within twenty (20) days after the last day of the preceding month for the hours worked during said preceding month along with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements and Amended Trust Agreements for the months of **JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015**.

6. The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Funds therein mentioned are made later than the time required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees and Court costs incurred to enforce timely payments from Defendant employer.

7. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the relevant collective bargaining agreements and Trust Agreements as amended, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendant's obligations under the applicable collective bargaining agreements and trust agreements. Plaintiff Funds are entitled liquidated damages and interest as provided for in the aforesaid Trust Agreement, as amended, and applicable collective bargaining agreements, such other legal or equitable relief as the Court deems appropriate in the circumstances, reasonable attorneys' fees, and their costs of this action.

8. The assessment of liquidated damages and interest against the Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015** Totals **THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS.**

9. Demand has been made by Plaintiff Funds for payment of the liquidated damages and interest and Defendant has failed to tender payment of said amounts.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS** as and for liquidated damages and interest for the months of **JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015**; for reasonable attorneys' fees; and such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT II

Come now, Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund and Trustees Patrick R. Pryor, Steve Schrimpf, Perri L. Pryor and Steven C. Glenn, Trustees of the Plaintiff Funds, for Count II of the within Complaint, and in the alternative to Counts I and II herein, state as follows:

1. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8) and Nine (9) of Count I of the within Complaint.

2. Plaintiffs bring the claim in Count II pursuant to 29 U.S.C. § 1132(a)(3) to enforce the terms of the collective bargaining agreements and trust agreements (collectively referred to as "plan documents") of the Plaintiff Funds which impose liquidated damages and interest on contributions that are not timely paid as required under the terms of the collective bargaining agreement to which Defendant is bound and the Trust Agreements of the Plaintiff Funds to which Defendant is also bound.

3. In accordance with the plan documents of the Plaintiff Funds, liquidated damages and interest have been assessed against the Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **JUNE 2013; APRIL, MAY, JUNE, JULY,**

DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015 totals THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS as and for liquidated damages and interest for the months of JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015; for a reasonable attorneys' fee; and such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT III

Come now, Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund and Trustees Patrick R. Pryor, Steve Schrimpf, Perri L. Pryor and Steven C. Glenn, for Count III of the within Complaint, and in the alternative to Counts I and II herein, state as follows:

1. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8) and Nine (9) of Count I of the within Complaint.

2. Plaintiffs bring the claim in Count III pursuant to 29 U.S.C. §185 to enforce the provisions of the collective bargaining agreement to which Defendant is bound imposing liquidated damages and interest on late-paid employee benefit plan contributions as third party beneficiaries of such collective bargaining agreement.

3. In accordance with the terms of the collective bargaining agreement to which Defendant is a party, liquidated damages and interest have been assessed against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015, in the total amount of THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **THREE THOUSAND, SIXTY-FOUR AND 54/100 ($3,064.54) DOLLARS** as and for liquidated damages and interest for late paid employee benefit plan contributions due for the months of **JUNE 2013; APRIL, MAY, JUNE, JULY, DECEMBER 2014; APRIL, MAY, JUNE, JULY AND AUGUST 2015**; a reasonable attorneys' fee; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Michael G. Newbold*
Michael G. Newbold, No. 25523MO

*/s/ Bradley J. Sollars*
Bradley J. Sollars, No. 54931MO
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
*Attorneys for Plaintiffs*